UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

           Plaintiff,

vs.                                           Case No.: 8:12-cv-1822-T-27MAP

JOHN DOES 1 - 8,

           Defendants.
_____/

### ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Dkt. 4). Good cause having been shown, the motion is **GRANTED** in part.

In this copyright infringement action, Plaintiff seeks discovery from Internet Service Providers and related entities (collectively, "**ISPs**") to ascertain the true identities of unknown Defendants who have used the internet and the BitTorrent protocol to commit direct and contributory copyright infringement of Plaintiff's copyrighted material, *the Works*. Plaintiff alleges a *prima facie* case of copyright infringement, including that it is the owner of copyrights for *the Works*, that Defendants have copied the constituent elements of *the Works* that are original, and that Plaintiff did not authorize, permit, or consent to the copying. *See Feist v. Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

Absent discovery, Plaintiff is unable to identify the infringing Defendants and there are no alternative means of identifying those Defendants. Plaintiff seeks information necessary to identify the Defendants to whom the ISPs issued an IP address, including their names, addresses, telephone

numbers, e-mail addresses and Media Access Control ("**MAC**") addresses. Plaintiff represents that the information will only be used to prosecute the copyright claims in this action.

Clearly, the information is necessary for Plaintiff to effect service on the Defendants and protect its copyrighted materials. Moreover, there does not appear to be an overriding expectation of privacy in the identities of those Defendants that actually engaged in infringing conduct. Defendants have shared their identifying information with the ISPs and Plaintiffs have shown by affidavit that there has been infringement activity by those yet to be identified Defendants. *See Arista records, LLC. v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) ("to the extent anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment"). On the other hand, as will be discussed, there are concerns about privacy for potentially innocent Defendants.

Rule 26(d)(1), Federal Rules of Civil Procedure, prohibits a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f) except as "authorized ... by court order." Fed.R.Civ.P. 26(d)(1). Generally, a showing of good cause is required before discovery is authorized in advance of the case management meeting required by Rule 26(f). *In re BitTorrent Adult Film Copyright Infringement Cases*, Civil Action Nos. 11-3995(DRH)(GRB), 12-1147(JS)(GRB), 12-1150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at *6 (E.D.N.Y. May 1, 2012). While Plaintiff has shown good cause for early discovery, its broad request does not sufficiently protect against the likelihood that innocent Defendants may be publicly identified by having their identities associated with allegations of illegal downloading or adult films. *Id.* at *5. To quote from another court,

> [T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes ... . By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

*SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D.Cal. Nov. 30, 2011) (internal citations omitted).

Accordingly, procedural protections are necessary before any identifying information is made public, including an opportunity by individuals and entities served with, or identified in response to, the proposed subpoenas that have not engaged in infringement activity to seek orders quashing any such subpoenas. *See In re BitTorrent Adult Film Copyright Infringement Cases, supra.*[1] It is therefore **ORDERED**:

1. Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Dkt. 4) is **GRANTED** in part. Plaintiff has leave to serve subpoenas on third-party ISPs to ascertain the (1) identities of unknown Defendants who have used the Internet and the BitTorrent protocol to commit direct and contributory copyright infringement of Plaintiff's copyrighted material, *the Works*, and (2) physical address of each Defendant designated as John Does 1 through 8. The request to discover e-mail addresses, telephone numbers, and MAC addresses is **DENIED**.

2. Plaintiff is directed to attach a copy of this Order to each subpoena. Within ten (10) days of service of a subpoena, each ISP shall reasonably attempt to identify each John Doe and

---

[1] Because of the thoughtful procedures ordered by the Magistrate Judge in *In re BitTorrent Adult Film Copyright Infringement Cases*, this Court incorporates many of those procedural safeguards.

provide that individual with a copy of the subpoena and this Order. The ISP shall notify Plaintiff's counsel in writing of its inability to identify the user of a particular IP address.

3. The ISPs shall have twenty one (21) days from service within which to move to quash or otherwise object to a subpoena. Each Defendant identified in response to a subpoena shall have fourteen (14) days after receipt of a subpoena from an ISP within which to move to quash or otherwise object to the subpoena.

4. Absent a motion to quash or written objection filed with the Court to a particular subpoena, the ISPs shall produce the information sought to the Court, by filing it with the Clerk *under seal* together with a certification of the custodian of records of the ISP attesting to the authenticity of the information and its compliance with the subpoena.

5. A status conference will be scheduled by separate Order before the assigned Magistrate Judge during which the information filed *under seal* will be provided to Plaintiff's counsel with any such additional protective measures deemed appropriate by that judge. **THE INFORMATION DISCLOSED SHALL BE USED BY PLAINTIFF ONLY FOR THE PURPOSE OF PROTECTION AND ENFORCING PLAINTIFF'S RIGHTS AS SET FORTH IN THE COMPLAINT.**

DONE AND ORDERED this 22nd day of August, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of record